## No. 14,125.

### STATE EX REL. H. J. PERIOU VS. T. DON FOSTER, JUDGE OF THE NINETEENTH JUDICIAL DISTRICT COURT.

#### SYLLABUS.

A judge has the right on the presentation to him for signature of a bill of exceptions taken to his rulings to assign his grounds for the rulings. This right is not cut off by the provisions of Act No. 113 of 1896. If the judge in this assignment makes unauthorized recitals, the appellate court can disregard them. (State vs. Nash and Barnett, 46 Ann. 214; 48 Ann. 1491; 49 Ann. 283, 704; 50 Ann. 694; 51 Ann. 731; 52 Ann. 605, 2058; 104 La. 65, 164.)

Counsel who decline to have filed a bill of exceptions signed by the judge, unless signed by him without an assignment of the grounds for his actions and such statements as he deems legal and necessary to sustain the same, cannot have the judge compelled to sign the bill as presented.

APPLICATION for a Writ of *Mandamus.*

---

*Mouton & Simon* and *Broussard, Dulaney & Dunbar* for Relator.

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney, for Respondent Judge.

### STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J.  It appears from relator's petition that while the case of the State of Louisiana against the relator, Horter J. Periou, who was charged with murder, was on trial, and while Laurent Ducrest, a witness for the defendant, was on the stand as a witness in his behalf a question was asked him by counsel for the accused, the object of which was declared to be "to prove threats made by the deceased against the life of the accused half an hour before the shooting," but that the district attorney objected to the question on the ground that before evidence of previous threats by the deceased to the accused and a previous difficulty could be shown, it was necessary under the law to lay the proper and legal foundation; until the overt act can be shown to the court, evidence of previous threats and previous difficulties could not be introduced to the jury.

That thereupon the court, at the request of defendant's counsel, opened the question for the proof of the overt act, and, after retiring the jury, the witness Ducrest was temporarily withdrawn and several witnesses were placed upon the stand, examined for the defense and cross examined by the district attorney. That the testimony of these witnesses was taken down by the stenographer.

That after the taking of the testimony, the court sustained the objection, to which ruling the accused excepted and reserved a bill of exceptions. That a bill was tendered to the judge for signature, which recited the question asked of the witness, the objection of the district attorney thereto, the sending out of the jury, the withdrawal of witness from the stand, the taking of testimony offered by accused in support of the right to propound the question asked, the testimony given by the different witnesses called for that purpose by the accused, the ruling of the District Court sustaining the objection, and the reservation of a bill, but that the judge declined to sign the bill unless accompanied by his statement of his reasons for the ruling he had made; that accused declined to accept a bill, with the statement which the judge proposed to make part of it; that the district judge refused to sign the bill as presented to him.  The present proceeding is an application to have the

Supreme Court order the judge to sign the bill as so presented to him.

Relator alleges that the bills of exception were taken in strict conformity with Act 113 of 1896, by having the court stenographer, in open court, contradictorily with the State's representative, and in the presence of the clerk of the court, take down in shorthand either the *verbatim* testimony of the witnesses, or a dictated statement of what each witness had testified of the facts adduced on the points involved in the several bills referred to. That the bills as dictated and taken down in open court had been presented to the judge, certified to by the stenographer and the clerk, all as provided by the law referred to, but that he refused to sign the same as taken down, which the law commands him to do without adding thereto a statement by himself of what the witnesses testified to, and what he considered as proved, which statement covered facts not bearing on the points involved in the several bills of exception, but covering practically all the facts of the case, and of making part of said statements (or synopsis of evidence as termed by the judge) all the testimony adduced before the coroner and his jury at the inquest, and the evidence adduced on the preliminary trial. That he was entitled under the law to have said bills of exception signed by the judge as they were taken down and without the addition of any other statement by the judge, or the annexing of either the evidence on the preliminary trial or the coroner's inquest.

The bill as presented to the judge for signature is annexed to relator's application. It closes with the words, "After hearing the evidence the court maintained the objection on the following grounds and for the following reasons:"

The district judge having been ordered to show cause why the *mandamus* should not be granted admits that he did refuse to sign the bills of exception unless there was coupled therewith a *resume* of the evidence and a statement of the conclusions reached, and avers that the defendant refused to have such a *resume* of the evidence and a statement of his conclusions attached to the bill and he refused to sign them otherwise. That in addition to the facts stated in the bill, which were correct, he insisted that there should be added thereto other facts, which he recited had been referred to. He then proceeds to place before the court the same statements and reasons, evidently, which he had intended to have attached to the bills before signing them had no objection been made to his pursuing that course. After setting out these facts he assigned the reasons on which he grounded his conclusion that

the testimony offered was not admissible. He avers that the statement as made by him was a correct statement of the synopsis of the evidence recited; that it was made in concurrence with the counsel of the defendant and accepted as correct by them. That all the synopsis of testimony was taken and submitted before the case had terminated, and that nothing therein related to any fact transpiring after the bills were reserved, but only facts taken and submitted before the bills were reserved. He states that the bills as written out were written by the stenographer, and that he would have dictated to him his statement and his reasons at once in open court, but that he was afraid that the reading of the same might indicate to the jury some opinion which the court had found of the case, and that he reserved the right to place the same afterwards, and that in this defendant's counsel concurred.

The bills as prepared do not seem to have been submitted to the district attorney, nor has the State through that officer been notified of this proceeding. Act 113 of 1896, upon which the relator relies, is as follows:

"Act 113 of 1896—On the trial of all criminal cases in this State appealable to the Supreme Court, when an objection shall be made and a bill of exceptions reserved, the court shall at the time and without delay order the clerk to take down the facts upon which the bill has been retained, which statement of facts shall be preserved among the records of the trial, and if the case be appealed the clerk shall attach to the bill of exceptions a certified copy thereof, which shall be taken as a correct statement upon which the exception is based."

## OPINION.

We are not called on in the present proceeding to ascertain whether the testimony in the case which the judge recites as having been given additionally to that taken down by the stenographer be correctly recited or not, or whether the legal conclusions of the judge were correct or not; our inquiry is limited to the inquiry as to whether or not it was the duty of the district judge to have signed the bill of exceptions which was prepared by the relator in the exact form and under the precise circumstances and conditions it was so presented, and as to whether a *mandamus* be the proper method to review the judge's action in the matter. From the pleadings it appears that the judge did not refuse to sign the bill presented to him, but he was perfectly willing

(and is still willing) to do so, after making the grounds or reasons for this ruling part thereof; but that this relator's counsel declined to have done, preferring to test the legality of the judge's claim to a right to assign the grounds for his ruling before signing the bill, through a *mandamus* proceeding.

It does not appear that the judge declined to have the testimony, which was taken down by the stenographer and certified to by the clerk under Act 113 of 1896, attached to the bill of exceptions. The Act in question does not look to a signing by the judge of this testimony, but to a bill of exceptions to be taken, to which this testimony is to be annexed. A bill of exceptions, which recites a ruling of the District Court upon a certain subject, and the grounds upon which the party taking the bill complains of the ruling, is always accompanied as part thereof by the reasons assigned by the judge for his action. When the Legisla-ture in the Act of 1896 refers to a bill of exceptions to be taken, to which the testimony certified to by the clerk was to be attached, it evidently contemplated such a bill as had been in use from time immemorial. Relator declares that the district judge, in this particular case, intended in giving the grounds for his ruling to make a recital of testimony which had been received on the trial other than that which was included in the note of evidence, which he had made out and which was certified to by the clerk; and that this he was not authorized to do. and the relator was warranted and justified in law in refusing to permit the judge to make such a statement, and in refusing to have a bill filed with such a statement made part of it. That the only method in his power to disclose to this court the legal position he took in the matter was to refuse to have the bill signed as so made out, and through the *mandamus* to have the judge forced to sign the bill. We think that relator could have very easily placed his legal position in the mat-ter before the court, in a way other than that to which he has resorted. He could have tendered for signature by the judge the bill as made out by himself, with a demand to have it signed as so made out without addition, and upon refusal of the court so to do, to have taken a bill of exceptions, and upon the judge's signing the bill with additions which he thought unauthorized, he could have excepted to the filing of such a bill and reserved a bill.

Under such conditions the whole matter would have been before this court for review in a regular manner, inside of the record of the proceedings of this case before the court. As matters stand, we are

asked to force the judge to sign a bill of eceptions, which he declares in his answer does not place fully before the court the circumstances under which his ruling was made, through an outside, independent, collateral proceeding. We do not think this the proper time or the proper method for testing the correctness of the judge's ruling. If the judge, before signing the bill of exceptions tendered to him, had made additions thereto, which under the law he was not authorized to make, defendant's counsel could call our attention properly to such a fact, and we would disregard the same. They ought not to have refused to permit the judge to complete and sign the bill, as he considered he was authorized to do under the law, and then bring their case before this court without bills, and supplement and eke out the record by bills of exception procured under *a mandamus* proceeding. We think that the issue which relator seeks to raise and have determined here is one which was susceptible of being raised and determined before this court on the appeal of the cause to it. That is the proper place and occasion to determine it. If the district judge had refused absolutely to sign any bill of exceptions whatever, a very different ease would be before us from that which we have now to deal with. The judge was willing, and is willing, to sign the bill tendered him with his reasons for his ruling assigned therein. We think he was and is entitled to do this, leaving to the court to give to the bill such effect as it is legally entitled to.

In State vs. Riculfi, 35 Ann. 770, this court (citing State vs. Ladd, 10 Ann. 271) declared that bills of exception should *always bring up with them the judge's reasons* and such facts as are necessary to show how the law was applied; that he should not sign a bill of exceptions containing a statement of facts at variance with his own; that he had the power and right to correct an erroneous statement in the bill. In State vs. Farrar, 35 Ann. 315, the court said: "District Judges are vested with a legal, not an arbitrary discretion. When they exercise such they should *state all the reasons* which have induced their rulings. Facts often transpire in the presence or are to the knowledge of judges, the existence of which is not established by the record.

Proper information, if known, would enlighten the court and enable it to test the correctness of such ruling. In the absence of such statements these facts cannot be divined by the appellate court, which, in default of them, is bound to assume that the grounds stated are the only ones."

There are many things, of the existence of which the district judge has the right to take judicial notice, and which may affect his rulings (State vs. Jackson, 35 Ann. 769). In State *ex rel.* Ramsey, 50 Ann. 1128, the d.strict judge having refused absolutely to sign a bill of exceptions tendered to him for that purpose by the accused, a writ of *mandamus* issued from this court to show cause why he should not be ordered to do so. The court justified its action on the ground that under the rules of court the bill was presented too late for signature. The writ issued as prayed for. In its reasons the court said: When the bill was presented the objection of counsel for the State was leveled at the bill *as drawn,* not *at the time* of its presentation. If the bill, to make it perfect, should have embodied or had attached to it a fuller reproduction of the re-examination of the juror Taylor, on the *voir dire,* it was within the power of the judge to require it to be done, or he could have embodied same in his reasons, wr:tten in the bill, for making the ruling he did, and thus have obviated the objections of the State. While the judge in the case cited was directed to sign the bill, the order was made "with the full reservation of the right of the judge to add to it the whole of the examination of the juror Taylor on his *voir dire,* and such statement of facts and reasons as he may choose for his ruling."

The right of the court to assign the reasons for any action of his complained of in the bill, was here expressly recognized. It was this right which the court claimed to exercise in this present case and which relator refused to recognize. If the bill was not signed by the judge, it was because relator refused to have it signed.

For the reasons assigned, the *mandamus* herein prayed for is refused, the privilege being reserved, however, to the relator, on leaving a certified copy thereof, to detach from the plead'ngs herein, the bill of exceptions which he had heretofore tendered to the district judge for his signature, to have the same completed by the signature of the judge, with the reasons assigned by him for his rulings, and to file the same in this court in the record of the State vs. Periou, No. 14,125 of the docket of this court, with'n ten days from the date hereof.

PROVOSTY, J., dissents, and reserves the right to submit his views hereafter.

BREAUX, J., concurs in the opinion for the reason that the questions involved may be considered on the appeal.